No. 4141.

(Court of Appeal, Parish of Orleans.)

JOSEPH C. BOYLAN vs. DOMINIQUE SENAC et als.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "B."

H. J. Rhodes, for Plaintiff and Appellee.

B. R. Forman, for Defendant and Appellant.

DUFOUR, J. The plaintiff sues John Senac, Dominque Senac and Albert Jacouette for the possession of certain real estate, of which he claims the ownership by virtue of a judgment rendered in a partition suit by the Civil District Court.

Jacouette claims the property on the grounds that he is the legitimate grandson of its original owner, Dominique Vergez and that the judgment in partition was a nullity. The Senacs made no appearance and a judgment by default was rendered against them.

When Vergez died in France he left a testament by the terms of which he constituted Theresa Senac, Alexis Senac, Emile Senac, Anna Trouette and Marie Verges his legatees, and further gave the usufruct of the property in controversy upon her giving security to Adele Patin, the grandmother of defendants who now claims that she was the wife of the testator.

Verges in his will does not say that Adele Patain was his wife; she accepted the usufruct without making any claim that she was his wife, and, in asking for an inventory for the purpose of giving bond and ·demanding delivery, she speaks of the legatees named as the "heirs of the deceased."

She made no claim to any community interest, though apparently advised by able and learned counsel, and it does not appear that she ever asserted that she was Verges wife.

The only testimony adduced by defendants is to the effect that Verges and Adele Patain were reputed to have been married in France and that they lived here together for several years. No attempt was made to obtain in France any evidence of the marriage.

Such proof, under the circumstances disclosed by the record,

is not sufficient to prove marriage and legitimacy; hence, the defendants have no standing to question the validity of plaintiff's title.

Judgment affirmed.